## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Terra Ingredients, LLC,

        Plaintiff,

vs.

Healthy Food Ingredients, LLC,

        Defendant.

Civil File No.: _____

**COMPLAINT**

For its Complaint, Terra Ingredients, LLC, ("Terra") alleges as follows:

### INTRODUCTION

1.      Terra brings this action for declaratory judgment against Defendant Healthy Food Ingredients, LLC ("HFI") seeking a declaration of rights under a contract for the sale of certain organic flaxseed. HFI has threatened litigation in a state other than that required by the contract and for amounts in excess of the liability limitations agreed to by the parties.

2.      Terra also seeks recovery for breach of various contracts by HFI, based on HFI's refusal to perform under those agreements.

### PARTIES

3.      Terra is a limited liability company based in Minnesota. Its single member is AgMotion, Inc., which is a corporation organized under Minnesota law with its principal place of business in Minnesota.

4.      HFI is a limited liability company based in North Dakota. On information and belief, based upon HFI's representations, its members are (a) Brad Hover, who resides

in Kansas City, MO, (b) Phillip Estes, who resides in San Francisco, CA, and (c) James Shorin, who resides in San Francisco, CA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because Terra and HFI are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over HFI because HFI regularly conducted—and continues to conduct—business in Minnesota, including the purchase of the product at issue in this action from Minnesota. In addition, HFI consented to "the jurisdiction of any state or federal court located within Hennepin County, Minnesota."

7.      Venue lies in the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(2) and, independently, based on agreements between Terra and HFI.

## FACTUAL BACKGROUND

### A. Parties

8.      Terra is based in Minnesota, and its operations include, among other things, the sale of organic ingredients supplied through its global network of organic farms.

9.      HFI is based in North Dakota and is both a buyer and seller of specialty ingredients, including organic flaxseed. On information and belief, HFI sells whole flax, milled flax, and flax oil created from flaxseed it purchases from suppliers such as Terra.

### B. Contract for sale of organic flaxseed

10.      For years, Terra has been selling organic flaxseed to HFI. The sales transactions typically involved HFI issuing to Terra a purchase order for certain flaxseed.

In general, the purchase order would set forth HFI's proposed terms. Instead of accepting all of HFI's proposed terms in the purchase order, however, Terra would generally respond with its own sales agreement confirming quantity, price, and HFI's preferred product specifications, while also stating Terra's sales terms. Terra's sales agreements required HFI's assent to proceed.

11.     For example, HFI prepared purchase order number 74851, attached as Exhibit 1 ("Purchase Order 74851"), which was dated February 21, 2018, requesting 528,000 pounds of Organic Whole Gold Flax for a total purchase price of $427,680.00. Purchase Order 74851 included additional terms, such as specification of delivery via 12 truckloads at 44,000 pounds per truckload and incorporation of HFI's product specification sheet P67-2. The second page of Purchase Order 74851 proposed terms for the transaction, including the selection of a venue in North Dakota and application of North Dakota law, but with the qualifying condition "[e]xcept as may be specified elsewhere."

12.     On April 19, 2018, HFI forwarded Purchase Order 74851 to Terra. HFI explained that it was unsure whether Purchase Order 74851 was sent earlier and therefore HFI was resending it. Upon receipt, and consistent with past dealings with HFI, Terra responded with sales agreement number 419395, attached as Exhibit 2 ("Sales Agreement 419395"). In Sales Agreement 419395, Terra confirmed its willingness to sell to HFI the requested 528,000 pounds of Organic Whole Gold Flax at a price of $427,680.00. Sales Agreement 419395 confirmed HFI's truckload and delivery terms, incorporated HFI's P67-2 product specification sheet, and clarified where and how the product would be processed and delivered.

13. In Sales Agreement 419395, however, Terra did not agree to HFI's Purchase Order. Instead, Sales Agreement 419395 provided certain additional and different terms, such as adding a storage fee of $0.005/pound per month, even though Purchase Order 74851 did not contain any such fee. In addition, Sales Agreement 419395 required HFI to "acknowledge[] and agree[] to the following Terms and Conditions" for the transaction to proceed. Those "Terms and Conditions" were detailed on the second page of the Sales Agreement and include, among other things, the following terms and conditions:

SALES TERMS AND CONDITIONS

1. There are no warranties of any kind, express or implied, except that the goods sold hereunder are of merchantable quality and Buyer expressly waives all other warranties whether provided by law or otherwise. Seller shall in no event be liable for consequential damages and Seller's total liability shall not exceed the purchase price of the shipment under which claim is made. . . .

\* \* \*

3. This confirmation and said Trade Rules constitute the complete agreement between the parties, and cannot be changed in any manner, except in writing and signed by Seller's duly authorized agents. In case of any inconsistency between Buyer's and Seller's confirmation, Seller's confirmation governs.

\* \* \*

10. This contract represented by this confirmation shall be governed by and construed under the Laws of the State of Minnesota. Buyer consents to the jurisdiction of any state or federal court located within Hennepin County, Minnesota, USA, and to service of process by registered mail directed to the Buyer by the address specified above.

Ex. 2, Sales Agreement 419395, p. 2 ¶¶ 1, 3 & 10.

14. Terra's Sales Agreement 419395 did not accept HFI's Purchase Order 74851 but instead added terms in addition to and different from those in HFI's Purchase Order

4

74851. As in other transactions, Sales Agreement 419395 also conditioned agreement on HFI's acceptance of those additional and different terms.

15.     HFI signed Terra's Sales Agreement 419395 on or about April 19, 2018, accepting all terms, including terms that were new or different from HFI's Purchase Order 74851.

16.     HFI's course of performance further confirms its acceptance of Terra's additional and different terms stated in Sales Agreement 419395. For example, HFI has paid to Terra the $0.005/pound per month storage fee, a term found only in Sales Agreement 419395. In its communications with Terra, HFI has recognized the significance of the additional and different terms in Sales Agreement 419395.

### C.  Shipment under Sales Agreement 419395

17.     Based on HFI's acceptance of Sales Agreement 419395, Terra fulfilled its supply obligations through multiple uniquely numbered shipments to HFI. Most relevant to this dispute are the following flaxseed shipments:

| Shipment Number | Shipped Date | Source and Volume | Flaxseed Shipment Purchase Price |
|---|---|---|---|
| 419395-5 | May 31, 2019 | Lot 22-82437 – 2,000 pounds Lot 21-84474 – 42,000 pounds | $35,640.00 |
| 419395-6 | June 7, 2019 | Lot 21-84474 – 44,000 pounds | $35,640.00 |
| 419395-7 | August 22, 2019 | Lot 21-83864 – 12,000 pounds Lot 21-84140 – 16,000 pounds Lot 21-84474 – 16,000 pounds | $35,640.00 |
| 419395-8 | September 12, 2019 | Lot 21-01098 – 2,000 pounds Lot 21-84474 – 12,000 pounds Lot 23-82357 – 30,000 pounds | $35,640.00 |
| 419395-9 | September 17, 2019 | Lot 21-84244 – 18,000 pounds Lot 21-84474 – 26,000 pounds | $35,640.00 |
| 419395-10 | September 26, 2019 | Lot 21-84244 – 44,000 pounds | $35,640.00 |
| 419395-11 | November 7, 2019 | Lot 21-84244 – 44,000 pounds | $35,640.00 |
| **Total Purchase Price for relevant shipments:** | | | **$249,480.00** |

18.     HFI accepted each of these shipments at the time of delivery, and HFI paid the required amounts.

**D. Contamination, recall, and replacement flaxseed**

19.     On information and belief, HFI determined in December of 2019 that its milled flax product made with Organic Gold flax from Terra's lot 21-84244 ("Lot 244") tested positive for the herbicide Haloxyfop, which is not approved by the U.S. Food and Drug Administration for use on or inclusion in food products in the United States.

6

20.     In late December 2019, HFI notified Terra of the positive test for Haloxyfop in the milled flax product made with Lot 244, prompting Terra to conduct its own testing.

21.     On January 8, 2020, Terra confirmed the presence of Haloxyfop in Lot 244. Terra initiated a recall that same day and notified the FDA of the recall on January 10, 2020. In addition, and as a result of testing by one of HFI's customers, Terra was advised that Haloxyfop was present in another lot, lot 21-84474, resulting in a recall of that lot as well.

22.     On information and belief, HFI initiated a recall of all products made with the two contaminated Terra lots. However, HFI's own lot numbers did not directly correspond to the specific Terra lot numbers at issue, requiring HFI to recall more product than was created with the potentially contaminated lots.

23.     On information and belief, HFI had sold its flaxseed products to customers before discovery of the presence of Haloxyfop and those customers had already used some or all of HFI's products in the customers' own products. HFI has advised Terra that those customers' products were also recalled.

24.     On information and belief, HFI has incurred costs and has compensated, in whole or in part, its customers as part of the recall.

### E.  Damages and HFI's threatened litigation

25.     HFI has represented that it seeks recovery of the alleged full amount of costs incurred, compensation paid to customers, and all other damages from Terra under the terms of Purchase Order 74851.

26.     HFI has further represented that it will pursue such recovery in a North Dakota venue applying North Dakota law, which directly contradicts the agreed-upon Terms and Conditions in Sales Agreement 419395, specifying that litigation, if any, must occur in Minnesota. Requiring Terra to litigate in a North Dakota venue would undermine one of the benefits of the governing terms in Sales Agreement 419395.

F. **Ongoing business between Terra and HFI**

27.     Terra and HFI have entered into certain agreements for the sale of flaxseed under which HFI has only partially performed (the "Open Agreements"). The Open Agreements include Sales Agreements numbered 418540 (Ex. 3), 418541 (Ex. 4), 418538 (Ex. 5), and 419395 (Ex. 2). Under the Open Agreements, HFI agreed to purchase, and Terra agreed to sell, specified quantities of flaxseed pursuant to the terms stated in Terra's sales agreements:

| Agreement Number | Quantity of Flaxseed | Purchase Price |
|---|---|---|
| 418540 (PO 75285) | 1,000,000 pounds | $740,000.00 |
| 418541 (PO 75286) | 500,000 pounds | $155,000.00 |
| 418538 (PO 75282) | 2,000,000 pounds | $1,330,000 |
| 419395 (PO 74851) | 528,000 pounds | $427,680.00 |

28.     HFI has acknowledged the existence of each of the Open Agreements, including the terms contained in the Sales Agreement for each of the Open Agreements.

29.     After the Haloxyfop contamination arising under Sales Agreement 419395, HFI continued to purchase flaxseed and sought commercial trade credit from Terra.

30.     As a part of agreeing to HFI's requests, Terra required that HFI enter into a new agreement (the "Waiver Agreement"), under which HFI would agree to refrain from exercising or invoking against Terra any rights of offset, recoupment, or abatement that HFI may have. Ex. 6 ¶ 1. In addition, to accommodate HFI's requests and consistent with other agreements between HFI and Terra, Terra required HFI to agree that any dispute about the Waiver Agreement would be governed by Minnesota law and that any dispute shall be filed in this Court or in other specified courts in Minnesota, which would have exclusive jurisdiction. Ex. 6 ¶ 2(d). HFI agreed to the terms required by Terra, and, upon reliance on HFI's agreement, Terra continued to do business with HFI.

31.     After entering into the Waiver Agreement, HFI specifically advised that it does not intend to satisfy its obligations under the Open Agreements based on the Haloxyfop contamination arising under Sales Agreement 419395.

32.     Terra has sourced the flaxseed required to fully perform under the Open Agreements, and HFI's refusal to proceed with any further purchases, as required under those agreements, has resulted in economic damage to Terra.

## COUNT I
## Declaratory Judgment

33.     Terra realleges and incorporates all allegations in the previous paragraphs of this Complaint as though fully stated herein.

34.     There is a substantial controversy between Terra and HFI as to whether Terra's Sales Agreement 419395 governs the sale of the allegedly contaminated organic flaxseed, whether Sales Agreement 419395 was breached, and the interpretation and

enforcement of terms stated thereunder, including with respect to jurisdiction, choice of law, liability limitations, and damages limitations.

35.     Terra has an interest in enforcing Sales Agreement 419395, entitling it to a declaration of its rights and legal relations thereunder.

36.     Terra also seeks a determination of questions of validity and construction of Sales Agreement 419395 pursuant to Minn. Stat. §§ 555.01-03.

37.     Specifically, Terra is entitled to a declaratory judgment that Sales Agreement 419395 governs the sale of the relevant flaxseed as between Terra and HFI, and under Sales Agreement 419395, the parties agreed to jurisdiction in Minnesota, application of Minnesota law, the exclusion of consequential damages, and a purchase-price limitation on the damages available to HFI.

38.     Sales Agreement 419395 specifically disallows any recovery for consequential damages and therefore HFI cannot recover for some or all of the purported $12 million HFI claims to have incurred as a result of the two allegedly contaminated Terra flaxseed lots.

39.     Sales Agreement 419395 also specifically limits damages to "the purchase price of the shipment under which claim is made." Because the purchase price of shipments 5 through 11 totals $249,480.00, Terra's liability to HFI, if any, is capped at that amount.

40.     Furthermore, Terra has already made accommodations to HFI, including, but not limited to, shipping to HFI replacement flaxseed equivalent in value to the purchase price under the contract, which HFI accepted, thus curing any alleged breach of Sales Agreement 419395.

41.     Therefore, Terra is further entitled to a declaratory judgment that HFI may not recover any alleged damages under Sales Agreement 419395 or, in the alternative, that Terra's liability to HFI cannot exceed $249,480.00.

## COUNT II
### Breach of Contract (Open Agreements)

42.     Terra realleges and incorporates all allegations in the previous paragraphs of this Complaint as though fully stated herein.

43.     HFI agreed to purchase, and Terra agreed to sell, the specified quantities of organic flaxseed pursuant to the terms stated in the Open Agreements.

44.     HFI has partially performed under each of those Open Agreements, but HFI did not fulfill all of its obligations to buy flaxseed from Terra.

45.     HFI has informed Terra that it would not perform its obligations under the Open Agreements. HFI expressly, in definite terms, and without qualification, renounced and repudiated the Open Agreements and made clear that it would not perform its remaining obligations under the Open Agreements.

46.     In reliance on HFI's promises under the Open Agreements, Terra committed to purchase flaxseed from its suppliers and has followed through with those commitments. Terra also made the necessary arrangements to process and distribute that flaxseed to HFI, including incurring associated costs to do so, in reliance on HFI's outstanding obligations under the Open Agreements.

47.     At all relevant times, Terra had performed and was prepared to continue performing all applicable obligations under the Open Agreements.

11

48.     Because of HFI's refusal to perform under the Open Agreements, Terra seeks damages, including lost profits, in excess of $75,000.

## COUNT III
### Breach of Contract (Waiver Agreement)

49.     Terra realleges and incorporates all allegations in the previous paragraphs of this Complaint as though fully stated herein.

50.     Terra and HFI entered into the Waiver Agreement.

51.     Under the Waiver Agreement, HFI agreed to refrain from exercising or invoking against Terra any rights of offset, recoupment, or abatement that HFI may have. Ex. 6 ¶ 1.

52.     HFI has informed Terra that it would not perform its obligations under the Open Agreements.

53.     HFI expressly, in definite terms, and without qualification, renounced and repudiated the Open Agreements and made clear that it would not perform its obligations under the Open Agreements.

54.     HFI has informed Terra that its refusal to perform its obligations under the Open Agreements is due to HFI mitigating its alleged losses related to Haloxyfop contamination and that HFI has no obligations under the Open Agreements as a result of that contamination and associated alleged losses.

55.     By refusing to perform its obligations under the Open Agreements, HFI breached its obligation under the Waiver Agreement to refrain from exercising or invoking rights of offset, recoupment, or abatement.

56.     Because of HFI's breach of the Waiver Agreement, Terra seeks damages, including lost profits, in excess of $75,000.

## JURY DEMAND

57.     Terra demands a jury trial as to all matters so triable.

## PRAYER FOR RELIEF

Terra respectfully requests judgment to be entered against HFI as follows:

A.      Declare that Terra's Sales Agreement 419395 constitutes the contract governing the sale of allegedly contaminated flaxseed from Terra to HFI, and under that agreement, declare the following:

  i.     Minnesota law governs any dispute under the contract;

  ii.    Terra is not liable for any consequential damages;

  iii.   Terra is not liable to HFI for any amount because Terra already made accommodations to HFI, including, but not limited to, providing replacement product of equivalent value to the purchase price of the subject shipments or, in the alternative, Terra's liability to HFI can be no greater than $249,480.00, which is the purchase price of the relevant shipments.

B.      Find that HFI breached the Open Agreements;

C.      Find that HFI breached the Waiver Agreement; and

D.      Award Terra all direct, consequential, and incidental damages arising from HFI's breach of the Open Agreements and Waiver Agreement.

**BASSFORD REMELE**
*A Professional Association*

Dated: <u>December 31, 2020</u>      By <u> s/ David M. Dahlmeier</u>
David M. Dahlmeier (MN #271792)
Leah Ceee O. Boomsma (MN #389885)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone:   (612) 333-3000
Facsimile:    (612) 333-8829
ddahlmeier@bassford.com
lboomsma@bassford.com

AND

Syed S. Ahmad (to be admitted *pro hac vice*)
Geoffrey B. Fehling (to be admitted *pro hac vice*)
Kelly R. Oeltjenbruns (MN #400395)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone:   (202) 955-1500
Facsimile:    (202) 778-2201
sahmad@HuntonAK.com
gfehling@HuntonAK.com
koeltjenbruns@HuntonAK.com

*ATTORNEYS FOR PLAINTIFF TERRA INGREDIENTS, LLC*