UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terra Ingredients, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Healthy Food Ingredients, LLC,<br><br>Defendant. | Civil Case No. 20-cv-02702-DSD-HB<br><br>**DEFENDANT HEALTHY FOOD INGREDIENTS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Healthy Food Ingredients, LLC ("HFI"), by and through its counsel of record, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Terra Ingredients, LLC's ("Terra") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), and for any further relief the Court deems just and proper.

## I.     INTRODUCTION

Defendant Healthy Foods Ingredients, LLC ("HFI") submits this Memorandum in Support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3). Terra Ingredient LLC's ("Terra") jurisdictional allegations are factually incorrect, as the Court's subject matter jurisdiction over this matter is destroyed for lack of complete diversity of citizenship between Terra and HFI. Venue is also improper in this district because no substantial part of the events of the dispute occurred in this district, and this district is not the appropriate forum under the *mandatory* forum selection clause agreed to by Terra and HFI. Because this Court cannot transfer to another federal jurisdiction due to the lack of diversity, it must dismiss. Therefore, HFI respectfully requests that the

1

Federal District Court for the District of Minnesota dismiss Plaintiff's claims for lack of subject matter jurisdiction and improper venue.

## II.     BACKGROUND

HFI is a North Dakota limited liability entity that operates as a buyer and seller of specialty ingredients, including organic flaxseed. (ECF 1, ¶ 4, 9). HFI offers a variety of products to its consumers, including whole flax, milled flax, and flax oil created from flaxseed. (*Id.* ¶ 10). Terra is a limited liability entity based in Minnesota, with a single member being AgMotion, Inc. that is organized under Minnesota law with its principal place of business in Minnesota. (*Id.* ¶ 3). Terra has alleged the Court has jurisdiction solely pursuant to 28 U.S.C. § 1332 (a)(1). (*Id.* ¶ 5). Terra further alleges that this Court's venue is proper solely under 28 U.S.C. § 1391(b)(2) and independently, based on alleged agreements between Terra and HFI. (*Id.* ¶ 7).

HFI purchased flax seed from Terra through the generation of Purchase Orders. (*Id.*; ECF 6). HFI Purchase Order 74851 dated February 21, 2018, that Terra includes as Exhibit 1 (later refiled as ECF 006-1) to its Complaint contains specific, bargained-for Terms and Conditions to govern Terra and HFI's relationship (the "Terms and Conditions"). (*Id.*; ECF 6). These Terms and Conditions dated February 21, 2018, were signed by a representative of Terra. *Id.* Specifically, the HFI Terms and Conditions contained a term stating "[j]urisdiction of all disputes arising under this transaction shall be in North Dakota. Buyer and Seller agree to be bound by the terms and conditions of said contract, statutes, rules, and jurisdiction. Seller agrees to pay upon demand all of Healthy Food Ingredient's court and arbitration costs and disbursements, including reasonable attorney fees only if

2

allowed by law, and other expenses incurred in connection with the enforcement of this agreement or in connection with the collection of all sums owed by seller to Healthy Food Ingredients." *Id.*  Terra does not allege in its Complaint that it rejected these Terms and Conditions, and further does not allege that it did not sign the Terms and Conditions. *Id.* Terra's Lot 244 of purportedly unadultered, organic gold flax tested positive for a prohibited substance, the herbicide haloxyfop. *Id.* ¶ 19, 21.  Terra further was notified by HFI that haloxyfop was present in a separate lot, lot 21-84474, resulting expansion of the recall and added costs to HFI. *Id.* ¶ 21.  As Terra acknowledges, HFI has incurred substantial costs.  *Id.* ¶ 24.  HFI separately entered into a new, very limited agreement wholly unrelated to Terra's unlawful sales of adulterated, prohibited products, but HFI disputes that separate agreement has any relevance whatsoever to the issues addressed in this Motion to Dismiss.  (ECF 6).  Because Terra's factual allegations of subject matter jurisdiction are patently incorrect, as explained below, this Court does not have the requisite jurisdiction needed under the law and dismissal is warranted without reaching any additional arguments or issues.  However, Terra has also failed to meet its burden to adequately plead venue as proper within this district.  Terra's attempt to ignore the Terms and Conditions it agreed to, which contained a mandatory forum-selection clause, rebuts its allegation that the parties "agreed" to venue being proper in this district.  Accordingly, Terra's claims must also be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).

### III.  ARGUMENT

**A. The District Court of Minnesota Lacks Subject Matter Jurisdiction Over Terra's Claims Because Diversity of Citizenship Does Not Exist.**

Terra's Complaint should be dismissed because it fails to properly plead subject matter jurisdiction. Put simply, this court lacks subject matter jurisdiction due to a lack of diversity of citizenship between the parties. Federal courts have limited jurisdiction therefore, subject matter jurisdiction must be authorized by Article III of the Constitution and granted by federal statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013); *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (Stevens, J., dissenting); *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 478 (1981); *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016). As such, federal courts presume a case falls outside of their jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Ark. Blue Cross v. Little Rock*, 551 F.3d 812, 816 (8th Cir. 2009). Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists in federal court. *Namarra v. Mayorkas*, 924 F. Supp. 2d 1058, 1061 (D. Minn. 2013); *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003).

A party can successfully challenge subject matter jurisdiction either facially or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Temple v. Horses*, 163 F. Supp. 3d 602, 614 (D.S.D. 2016); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial challenge to subject matter jurisdiction, all the well-pleaded allegations of the complaint regarding jurisdiction are presumed true and viewed in the light most favorable to the plaintiff, without looking beyond the face of the complaint. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). However, when a party challenges subject matter jurisdiction *factually*, arguing that the jurisdictional

allegations are not accurate, the court does not assume the truth of the complaint and instead, can look beyond the pleadings and weigh competent evidence such as declarations, affidavits and deposition testimony to decide disputed jurisdictional facts. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936); *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018); *Carlsen v. GameStop, Inc.*, 833 F.3d at 908 (8th Cir. 2016). Accordingly, HFI has submitted in support of its Motion to Dismiss the Declaration of Brad Hennrich, President and CEO of HFI, together with the Declaration of Gene Leach, member of HFI Equity, LLC, with supporting exhibits as necessary. These Declarations are relevant and admissible to provide the Court clarity to resolve the factual inaccuracies of Terra's Complaint. *Id.* Declaration of Brad Hennrich; Declaration of Gene Leach).

Terra avers that there is subject matter jurisdiction only pursuant to 28 U.S.C. § 1332 (a)(1) or diversity jurisdiction. However, Terra alleged the citizenship of HFI solely on "information and belief" and failed to include every member of HFI at the time the complaint was filed in alleging diversity of citizenship. (ECF 1, ¶ 4). Terra's jurisdictional allegations are woefully inaccurate and incomplete and it is now apparent that no attempt to ascertain the citizenship of HFI prior to filing was even attempted. Thus, the relevant factual dispute to the Court's exercise of jurisdiction is whether there is complete diversity between Terra and HFI when considering the citizenship of each member of the LLC. There is not.

## 1.  HFI's Citizenship as a Non-Corporate Entity Defeats Complete Diversity

Terra's Complaint does not include the citizenship of each member of HFI, which when properly considered defeats complete diversity and demonstrates a lack of subject matter jurisdiction. Generally, there is diversity jurisdiction in federal court if the amount in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists. 28 U.S.C. § 1332(a).  Complete diversity of citizenship exists where the action is between: (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states, with foreign citizens or subjects as additional parties; (4) foreign state as plaintiff and citizens of a state or different states as defendants. 28 U.S.C. § 1332(a).

When the complaint alleges jurisdiction due to diversity of citizenship, Terra must set forth with specificity the citizenship of the parties. *Barclay Square Props. v. Midwest Fed. Sav & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990); *Walker by Walker, v. Northwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).  Diversity of citizenship must exist at the time the complaint is filed.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

A limited liability company's citizenship, for the purposes of diversity jurisdiction, is the citizenship of each of its members. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) *citing GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Where a member of an LLC is a separate LLC, it is necessary to determine the citizenship of each of the members of the separate member LLC

6

in determining the citizenship of the party. *Id.*; *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Ohm Hotel Group, LLC v. Dewberry Consultants, LLC,* No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) ("For any members of LLCs that are limited liability companies, partnerships, limited partnerships or trusts, facts concerning their underlying members, partners, trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be."). In the event a member of an LLC is an individual, the Eighth Circuit has provided guidance: "[f]or purposes of diversity jurisdiction, the terms "domicile" and "citizenship" are synonymous. *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1998); C. Wright, A. Miller & E. Cooper, 13B *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely. *Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, 1 *Moore's Federal Practice* ¶ 0.74[3.-1] (1990). Intention to remain there permanently, however, is not necessary. *Blakemore*, 789 F.2d at 618. Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile. C. Wright, A. Miller & E. Cooper, *supra*, § 3612, at 535; *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). *American Seeds, LLC v. Dalchow*, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). By peeling back the layers of membership of HFI, Terra's factual assertion of diversity of citizenship within its Complaint is destroyed.

**(1) HFI and Terra are both citizens of Minnesota.**

There is not complete diversity of citizenship as required by 28 U.S.C. § 1332 (a)(1) because Terra and HFI are both citizens of Minnesota. As alleged in the Complaint, Terra is a citizen of Minnesota for purposes of diversity jurisdiction. (ECF 1, Complaint, ¶ 3). Terra further alleges that HFI is a limited liability company with three members: (1) Brad Hover, a resident of Missouri; (2) Phillip Estes, a resident of California; and (3) James Shorin, a resident of California. *Id.* ¶ 4. By only alleging the residency of three members of HFI, Plaintiff failed to adequately plead the citizenship of HFI. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1998). Furthermore, Terra failed to include all HFI's members in the jurisdictional allegations and accordingly, both a facial and a factual challenge to diversity of citizenship exists. However, the Court need only address the factual challenge to dismiss here.

A member of HFI not included in the Complaint is HFI Equity, LLC ("HFI Equity"). (Declaration of Brad Hennrich, ¶ 6). HFI Equity has been a member of HFI since 2014 and has had no lapse in membership through today's date. (*Id.* ¶ 7). As such, HFI is also a citizen of every state that HFI Equity is a citizen for purposes of diversity jurisdiction. *E.g.*, *OnePoint Sols., LLC v. Borchert*, 486 F.3d at 346.

HFI Equity is an LLC and a citizen of any state in which one of its members is a citizen. *Id.* One of the members of HFI Equity is Gene Leach, a citizen of Minnesota. (Decl. of B. Hennrich, ¶ 8; Decl. of G. Leach, ¶ 7. Gene Leach has been a member of HFI Equity since 2014, well before this action was commenced. (Decl. of B. Hennrich, ¶ 9;

Decl. of G. Leach, ¶ 7). Gene Leach has maintained his citizenship within Minnesota since 1994 and continues to be physically present within the state today. (Decl. of G. Leach, ¶¶ 8-10). Gene Leach has the intention to maintain his physical presence and residency within the state indefinitely. (*Id.* ¶ 10). HFI Equity and as a result, HFI, are citizens of Minnesota.

As both Terra and HFI are citizens of Minnesota, there is not complete diversity of citizenship required to confer jurisdiction to the federal court under 28 U.S.C. § 1332(a).[1] Therefore, HFI respectfully requests that this Court dismiss Terra's claims for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

**B. Venue Is Improper Under 28 U.S.C. § 1391(b)(2)**

This Court *must* dismiss under a lack of diversity of citizenship. *Supra*; Fed. R. Civ. P. 12(b)(1). While the lack of diversity jurisdiction is clear, this matter must also be dismissed because the District of Minnesota is an improper venue under Rule 12(b)(3). This action originated in federal court, so the general venue statute, 28 U.S.C. § 1391, governs venue in this case. The court should dismiss this action because venue is improper under § 1391(b)(2), the only prong which Terra alleges is at issue. (ECF 1, ¶ 7). The general federal venue statute, 28 U.S.C. § 1391(b)(2), provides that "[a] civil action may be brought in… (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). After review, Minnesota is an improper venue under § 1391(b)(2).

---

[1] Terra has not pled any claim, and further has not alleged, that would confer jurisdiction based upon the presence of a federal question. Terra's sole claims are for declaratory judgment and breach of contract, neither of which present a federal question. Accordingly, HFI has not addressed the lack of federal question jurisdiction.

**1. Terra Has Not Met Its Burden to Establish That Venue Is Proper**

HFI has moved to dismiss for improper venue under Rule 12(b)(3), which places the burden on Terra to establish that venue is proper. Once a defendant has challenged venue, the burden is on the plaintiff to establish that venue is proper. *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963). Terra has not sufficiently alleged proper venue in its Complaint. Terra merely states, "Venue lies in the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(2) and, independently, based on agreements between Terra and HFI." (ECF 1, ¶ 7). Section 1391(b)(2) provides that venue is proper within "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In order to determine whether 28 U.S.C. § 1391(b)(2) is met, "a court should not engage in a balancing test to determine which district has the most contacts, only whether a claim has a substantial connection to a particular district." *Personalized Brokerage Services, LLC v. Lucius*, Civil No. 05-1663 (PAM/FLN), at *11 (D. Minn. Jan. 25, 2006) citing *Setco Enter. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994). In this case, the claims asserted by Terra have a substantial connection to North Dakota, not Minnesota.

Even accepting the allegations in Terra's Complaint as true, the Complaint contains no factual allegations, other than general, vague, or conclusory assertions, that would make this district a proper venue. To be clear, Terra's Complaint cites nothing with respect to the "actions giving rise to this Complaint" that actually occurred in Minnesota. In

determining whether venue is proper, the court accepts the complaint's allegations as true, unless contradicted by defendant's affidavits. *Minn. Supply Co. v. Mitsubishi Caterpillar Forklift Am. Inc.*, 822 F. Supp. 2d 896, 914 n.26 (D. Minn. 2011); *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012). In determining whether venue is proper, the court need not accept as true vague or conclusory allegations, or legal conclusions, in the Complaint. *Westley v. Bryant*, Civ. No. 14-5002 (PJS/BRT), at *15 (D. Minn. Apr. 17, 2015); *Bartko v. Wheeler*, 1:13CV1006, at *18 (M.D.N.C. Jan. 3, 2014).

In determining whether venue is proper, a court may look at evidence beyond the facts alleged in the complaint and its attachments. *Intercoast Capital Co. v. Wailuku River Hydroelectric LTD*, No. 4:04-cv-40304, at *19 (S.D. Iowa Jan. 19, 2005); *Rivera v. Medico Grp.*, 4:07CV3180, at *4 (D. Neb. Nov. 19, 2007). Here, a substantial part of the events or omissions giving rise to the claim occurred in *North Dakota*, not Minnesota. For example, for each of the transactions between Terra and HFI identified in Terra's Complaint, the product was either delivered or set to be delivered to North Dakota. (Decl. of B. Hennrich, ¶ 10).

Further, a substantial part of property that is the subject of the action is situated in *North Dakota*, not Minnesota. 28 U.S.C. § 1391(b)(2). The adulterated, prohibited flax supplied by Terra and referenced within Terra's Complaint was delivered to North Dakota. (Decl. of B. Hennrich, ¶ 11). The entirety of Terra's case is premised on the theory of anticipatory breach or repudiation of contract by HFI. The "events giving rise to the claim" and the "property" that is subject of the dispute between Terra and HFI are both tied to a single issue admitted by Terra, who admits "[o]n January 8, 2020, Terra confirmed the

11

presence of Haloxyfop in Lot 244. Terra initiated a recall that same day and notified the FDA of the recall on January 10, 2020. In addition, and as a result of testing by one of HFI's customers, Terra was advised that Haloxyfop was present in another lot, lot 21-84474, resulting in a recall of that lot as well." (ECF 1, ¶ 21). As discussed by Brad Hennrich, this adulterated flax was shipped to, and present within North Dakota. (Decl. of B. Hennrich, ¶ 11). Because the adulterated, prohibited flax is at the center of the claims asserted by Terra, the district which has a substantial connection to those claims is North Dakota. Accordingly, Terra has failed to plead, and cannot meet its burden to establish, that venue is proper under the general venue statute of 28 U.S.C. § 1391(b)(2).

**C. This Court Should Dismiss for Improper Venue Because HFI's Forum Selection Clause Requires Venue in North Dakota.**

Terra separately argues that venue is proper within Minnesota because of the "agreements between Terra and HFI." (ECF 1, ¶ 7). The "agreements" referenced by Terra throughout its Complaint, and further attached as exhibits, refer to the HFI Purchase Orders and Terra Sales Agreements. (ECF 1, ECF 006-1 – ECF 006-4)). Despite Terra's representations, the forum selection clause that governs this dispute is that contained in the parties' agreements and included in HFI's Purchase Orders.

When the parties have agreed to a forum-selection clause, the court should enforce the clause in favor of the specified forum, absent extraordinary circumstances.[2] *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 61-64 (2013). District courts are to view forum selection clauses as "prima facie valid" and enforce said clauses

---

[2] Of course, a venue clause may not be enforced at all where subject matter jurisdiction is lacking, as it is here.

12

HB: 4832-6442-8504.3

"unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). (overruled in part on other grounds by *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224 (2007), and *Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495 (1989). A forum selection clause is not unreasonable simply because it would cause inconvenience to a party, unless the inconvenience would effectively deprive the party of its fair day in court. *See Servewell Plumbing, LLC v. Fed. Ins. Co.,* 439 F.3d 786, 790 (8th Cir.2006). Furthermore, a clause may be set aside if it is unjust, unreasonable, or invalid due to fraud or overreaching. *See M.B. Rests., Inc. v. CKE Rests., Inc.,* 183 F.3d 750, 752 (8th Cir.1999) (citing *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907). A party's means of enforcing a forum selection clause has been addressed by courts as a concern of venue. *See, e.g., InCompass IT, Inc. v. XO Commc'ns Servs., Inc.,* Civ. No. 11–570 (PAM/TNL), 2011 WL 2037603, at *2 (D. Minn. May 24, 2011) ("[T]he [Supreme] Court determined that a federal court sitting in diversity jurisdiction should treat a request to enforce a forum-selection clause as a motion to transfer venue under 28 U.S.C. § 1404(a).") (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). This would result in this matter being transferred to North Dakota as the only district where venue would be proper under 28 U.S.C. § 1391(b)(2). However, HFI has not sought a motion to transfer in this case because diversity of citizenship does not exist and accordingly, a transfer of venue to another federal district would be improper. *See supra*. As such, HFI requests dismissal under Rule 12(b)(3).

In determining the effect of a forum selection clause, the Eighth Circuit has differentiated between those forum selection clauses that confer "mandatory" jurisdiction and those that do not. *High Plains Constr., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1101-02 (S.D. Iowa 2011) citing *Dunne v. Libbra,* 330 F.3d 1062, 1064 (8th Cir.2003) (holding that words such as "exclusive," "only," and "must" suggest exclusivity); *United Fire & Cas. Co. v. Applied Fin., Inc.,* 397 F.Supp.2d 1086, 1095 (N.D. Iowa 2005) (discussing *Dunne* and finding the forum selection clause "permissive, not mandatory" in the absence of language of exclusivity). "Mandatory forum-selection clauses require a case to be brought in an identified venue based on 'specific language indicating the parties' intent to make jurisdiction exclusive.'" *DataCard,* 645 F.Supp.2d at 729 (quoting *Fla. State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc.,* 262 F.Supp.2d 1004, 1009 (D.Minn.2003)). "Permissive forum-selection clauses, on the other hand, 'constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum.'" *Id.* (quoting *Fla. State Bd. of Admin.,* 262 F.Supp.2d at 1009). In *High Plains Constr., Inc. v. Gay*, the Court determined that the applicable forum-selection clause was mandatory. In that case, the Court placed great weight on the words *"shall"* and "exclusive" when determining the mandatory nature of the clause through its venue analysis. 831 F. Supp. 2d at 1102. While the HFI forum-selection clause admittedly does not contain the word "exclusive," it does contain the word "shall" when governing "all" disputes. (ECF 1; Ex. 1). Terra notably does not dispute receiving the HFI Terms and Conditions, does not dispute signing them and does not assert that it rejected that term. (ECF 1).

14

The HFI Terms and Conditions confer mandatory jurisdiction in North Dakota through the language "[j]urisdiction of *all* disputes arising under this transaction *shall* be in North Dakota." (ECF 1; Ex. 1) (*emphasis added*). When determining the appropriate venue, "courts have determined that a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" *Terra Int'l,* 119 F.3d at 691 (quoting *Stewart,* 487 U.S. at 29, 108 S.Ct. 2239). When, as here, the clause is mandatory, it is given particular weight. *See Integrated Molding Concepts, Inc. v. Stopol Auctions L.L.C.,* Civ. No. 06–5015 (PJS/RLE), 2007 WL 2263927, at *7 (D. Minn. Aug. 6, 2007) ("[A] forum selection clause that is mandatory is given greater weight than a permissive one."). "Where ... the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain.'" *Servewell Plumbing,* 439 F.3d at 789 (quoting *M/S Bremen,* 407 U.S. at 17, 92 S.Ct. 1907). Terra ultimately bears the burden of proof to show that the HFI *mandatory* forum-selection clause within its Terms and Conditions should not be applied to this action. Because it is mandatory, the proper forum that the parties bargained for is in North Dakota. Terra should be required to litigate any dispute surrounding the parties "Open Agreements" that it contends are at issue, which explicitly reference the HFI Purchase Order identified as Exhibit 1 on their face, in North Dakota. (ECF 1, ECF 006-1-ECF 006-4). Accordingly, HFI respectfully requests this Court dismiss this matter under Rule 12(b)(3) for improper venue that cannot merely be transferred to another district due to a lack of diversity of citizenship. *See supra*.

## IV. CONCLUSION

For the foregoing reasons, Healthy Food Ingredients, LLC respectfully requests that this Court dismiss the Complaint detailed above, to assess all attorneys' fees and costs against Terra and for such other relief deemed just and equitable.

Dated this 4th day of February 2021.

    HEALTHY FOOD INGREDIENTS, LLC, Defendant

By: */s/ Aaron B. Chapin*
Aaron B. Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501
aaron.chapin@huschblackwell.com

and

Marnie A. Jensen (NE #22380)
*(pro hac vice pending)*
Ryann A. Glenn (NE #26160)
*(pro hac vice pending)*
HUSCH BLACKWELL LLP
13330 California Street, Suite 200
Omaha, NE 68154
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com

**and**

Chaz D. Klaes (TBN: 24083312)
*(pro hac vice pending)*
Tommy W. Gillaspie (TBN: 07922600)
*(pro hac vice pending)*

16

>DONATO BROWN POOL & MOEHLMANN
>3200 Southwest Freeway, Suite 2300
>Houston, Texas 77027
>Telephone: (713) 877-1112
>Facsimile:  (713) 877-1138
>cklaes@donatobrown.com
>tgillaspie@donatobrown.com
>
>*Attorneys for Healthy Food Ingredients, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of February 2021 the foregoing was electronically served by the Court's CM/ECF System to all counsel of record.

>/s/ Aaron B. Chapin